IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.                         **CASE NO. 17-3041-JTM-DJW**

**ANTHONY McCURRIE, et al.,**

    **Defendants.**

## O R D E R

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at Lansing Correctional Facility in Lansing, Kansas ("LCF"). At the time of filing, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against various KDOC staff members and Corizon employees alleging "23 criminal batteries/excessive use of force in violation of Plaintiff's 8th Amendment rights that occurred between 3/18/15 through 5/11/16"; deliberate indifference to his life-threatening medical condition; and retaliation. Plaintiff names ninety-seven defendants by name and an additional fifteen John or Jane Doe defendants.

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 3). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, ___ F. App'x ___, 2017 WL 2260944, at *2 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion."  *Id*. (quoting *Hafed*, 635 F.3d at 1180).  "Vague and utterly conclusory assertions are insufficient."  *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id*. (citations omitted).

Plaintiff argues that he is in imminent danger of serious physical injury.  In support, Plaintiff has filed a Motion to Proceed Under 28 U.S.C. § 1915(g)/Imminent Danger of Serious Physical Injury (Docs. 6, 7); a Notice of Imminent Dangers of Serious Physical Injuries Suffered as Predicted & Ongoing Affidavit (Doc. 10); and a supplement titled "Additional Evidence of Imminent Danger of Serious Physical Injuries (Doc. 13).[2]

As documented by the Court in Plaintiff's previous cases, Plaintiff is a highly litigious Kansas inmate.  *See Lynn v. Patty*, No. 16-3254-JTM, Doc. 12 (Feb. 28, 2017); *Lynn v. Kansas*, No. 16-3089-JTM, Doc. 18 (Aug. 5, 2016).  Many of Plaintiff's concerns in the instant case, as set forth in his motion at Doc. 6, stemmed from his apprehension regarding his upcoming

---

[1] *See, e.g., Lynn v. McClain*, 12 F. App'x 676, 679 (10th Cir. 2001) (noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions."); *Lynn v. McClain*, 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him").

[2] The Court notes that several of Plaintiff's pleadings claim that this Court's rulings show judicial bias.  However, Plaintiff has not filed a proper motion to recuse and prior rulings are not grounds for recusal.

transfer back to LCF. Several of Plaintiff's arguments do not involve physical injury, *e.g.*, his arguments regarding destroyed documents, lack of access to the courts, and confinement in a slam cell. With respect to physical injury, he claims that he will be subjected to instances of excessive force that will exacerbate his heart condition and that he is in imminent danger of serious physical injuries because he may suffer a "crippling stroke" arising from his ongoing multiple heart attacks or be subject to a fatal heart attack "at any time." (Doc. 6, at 2– 4.)

Plaintiff was transferred to LCF around April 5, 2017.[3] On April 17, 2017, he filed his "Notice of Imminent Dangers of Serious Physical Injuries Suffered As Predicted & Ongoing Affidavit." (Doc. 10.) Plaintiff asserts that his transfer back to LCF is part of a process whereby he is transferred between three prison disciplinary segregation units every 100 to 120 days. *Id.* at 1. Plaintiff claims that upon his arrival at LCF he was again subjected to excessive force when he refused to voluntarily enter a slam cell. Plaintiff claims the incident caused him to suffer "another medical emergency/heart attack – chest pains" causing him to be admitted to the infirmary and then to be taken by ambulance to the ICU at Providence Hospital on April 8, 2017, due to a troponin enzyme test level more than four times the normal range. *Id.* at 2. Plaintiff states that "[he] was treated w/substantial pain meds, heart meds & IV's, & multiple tests to reduce [his] 'Traporin' enzyme level & 'calm' [his] heart spasm pains, & discharged 3 days later & re-admitted to the LCF Infirmary." *Id.* Plaintiff's subsequent pleadings show that he remained in the LCF infirmary through May 18, 2017. *See* Doc. 17.

Plaintiff fails to show that he is in imminent danger of serious physical injury. His claims are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm." Plaintiff's own pleadings show that he is receiving medical care and ongoing

---

[3] Plaintiff filed a notice of address change with the Court (Doc. 9) indicating that he was housed at LCF as of April 5, 2017.

treatment and monitoring.[4] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (considering prisoner's treatment in concluding he had not raised a "credible allegation" of imminent danger.) In Plaintiff's previous action, the Court noted with regard to Plaintiff's heart condition that he "is simply using a pre-existing health condition to resurrect a claim previously dismissed by the court in Case No. 16-3089-JTM." *Lynn v. Patty*, No. 16-3254-JTM, Doc. 12 at 2 (Feb. 28, 2017). Furthermore, Plaintiff's pleadings show that the incidents he complains about are triggered by his failure to follow orders, his disruptive behavior and his disrespectful attitude toward staff.[5] The Court has noted in Plaintiff's previous cases that his "filings are even more abusive than those of the typical three-striker because he uses lawsuits and grievances in attempts to manipulate, intimidate and harass others." *Lynn v. Peltzer*, No. 16-3096-JTM-DJW, Doc. 37 at 9 (July 29, 2016) (noting that Lynn has repeatedly threatened prison officials and employees with lawsuits and has filed lawsuits in an attempt to coerce and harass them to meet his demands to provide the changes or attention he deems necessary).

The Court has examined the Complaint and the various other pleadings filed by Plaintiff in this case, and finds that Plaintiff has failed to establish a threat of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis

---

[4] *See, e.g.,* Doc. 6, at 1 (Plaintiff admitted to the ICU at the US Heart Hospital in Wichita on November 13, 2016); Doc. 10, at 1 (noting he was given three nitro tablets); *Id*. at 2 (noting he was admitted to the prison infirmary and then transferred by ambulance to the ICU at Providence Hospital on April 8, 2017, where he was treated with substantial pain medication, heart medications and IV's); *Id*. at 3 (noting he was taken to the infirmary, assessed by nurses, given multiple nitro pills and readmitted to the infirmary); *Id*. at 4 (noting he met with a mental health doctor, and was scheduled for shoulder x-rays and MRI recommendations/surgery).

[5] *See, e.g.,* Doc. 10, at 1 (noting he refused to voluntarily enter the slam cell and referring to the Seg. Unit Manager as a "lesbian dyke"); *Id*. at 4 (referring to mental health staff as an idiot and moron and stating that Plaintiff promised him that he would throw urine on him the first chance he got since he was "such a pissant imbecile"); *Id*. (noting that he intended to throw urine on the "lesbian dyke" or the warden, but he threw it on the imbecile that showed up instead); Doc. 13, at 3 (stating that he refused an EKG and called staff an "evil bastard").

in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[6] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Under 28 U.S.C. § 1915(g)/Imminent Danger of Serious Physical Injury (Docs. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 31, 2017,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED this 17th day of July, 2017, in Wichita, Kansas.**

> **s/ J. Thomas Marten**
> **J. THOMAS MARTEN**
> **U. S. District Judge**

---

[6] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.