IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    Plaintiff,

    v.                                            CASE NO. 17-3041-JTM-DJW

ANTHONY McCURRIE, et al.,

    Defendants.

**O R D E R**

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). At the time of filing, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against various KDOC staff members and Corizon employees alleging "23 criminal batteries/excessive use of force in violation of Plaintiff's 8th Amendment rights that occurred between 3/18/15 through 5/11/16"; deliberate indifference to his life-threatening medical condition; and retaliation. Plaintiff names ninety-seven defendants by name and an additional fifteen John or Jane Doe defendants.

On July 17, 2017, the Court entered an Order (Doc. 19): finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); finding that Plaintiff failed to show that he is in imminent danger of serious physical injury; denying Plaintiff's motion to proceed in forma pauperis (Doc. 3); and granting Plaintiff until July 31, 2017, to submit the $400.00 filing fee. The Order also provides that "[i]f he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914" and "[t]he failure to submit the fee by that date will

1

result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 19, at 5.)

The Court received a letter (Doc. 20) from Plaintiff addressed to Magistrate Judge Waxse that the Court docketed as a motion to recuse. The letter states that Plaintiff "will followup w/formal recusal motions" against Magistrate Judge Waxse and the undersigned, "but in the meantime, [Plaintiff] request informally that both of you sanctimonious cretins simply recuse yourselves." (Doc. 20, at 1.) To the extent that Plaintiff's letter seeks recusal of the undersigned, it is denied.

Plaintiff claims that the undersigned is biased and "complicit in the criminal abuses ongoing against [Plaintiff]." These conclusory allegations lack any support and are completely unsubstantiated.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Here, Plaintiff's conclusory allegations are merely rumors, beliefs, and/or opinions. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or

prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is

the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the

undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for recusal is denied.

Plaintiff has also filed a motion (Doc. 22) requesting a ten-day extension of time to pay the filing fee in this case. The motion alleges delay due to his impending transfer, and that unless the Court grants his motion for telephone access at Doc. 23,[1] he will be forced to resort to "snail mail" to contact family members for assistance if paying the filing fee. The Court will grant the motion for extension of time, thereby mooting Plaintiff's requests for telephone access.

Plaintiff has also filed a motion (Doc. 27) seeking to pay the $400 filing fee in monthly installments of $100 per month. The court in one of Plaintiff's prior cases noted that:

> § 1915(g) does not prevent a prisoner with three strikes from filing a civil action. He or she is simply unable to enjoy the benefits of proceeding IFP and instead must pay the full fee at the time of filing. Plaintiff offers to make partial payments from his inmate account to satisfy the fee. However, he is not entitled to pay by installments unless his motion to proceed IFP is granted. It is only when delaying the litigation until the fee is paid in full threatens "imminent danger of serious physical injury" that the litigant is granted IFP status in spite of his past abuse and allowed to pay his filing fee obligations in installments.

*Lynn v. Roberts*, No. 11–3073–JAR, 2011 WL 3667171, n.6 (D. Kan. Aug. 22, 2011) (citation omitted ). Plaintiff points to no legal authority for paying the filing fee in installments and such request is denied.

Plaintiff has filed a motion to alter or amend the Court's July 17, 2017 Order at Doc. 19, pursuant to Fed. R. Civ. P. 59(e). The motion rehashes Plaintiff's arguments regarding instances of excessive force and states that "an additional supplemental complaint [will be] forthcoming for events on 5-18-17 to 7-31-17 and names well over 120 named – personally involved named defendants." (Doc. 32, at 2.) Plaintiff alleges that he has met the standard for showing

---

[1] Plaintiff also seeks an order granting telephone access in his Notice of Address Change and Motion for Orders at Doc. 26. The request is likewise moot and therefore denied.

"imminent danger" in that defendants at LCF and EDCF routinely "display a maliciously deliberate indifference to [his] serious medical condition & needs." *Id*. at 5. Plaintiff also reasserts his arguments for the undersigned to recuse. Lastly, Plaintiff asks the Court to vacate its prior ruling and to hold an evidentiary hearing prior to altering and amending the ruling. *Id*. at 9. On the same date that Plaintiff filed his motion to alter or amend, he also filed a Notice of Appeal (Doc. 33), seeking to appeal the Court's July 17, 2017 Order as well as any ruling by the Court on his motion to alter or amend.

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its July 17, 2017 Order, and that

ruling stands. The Court does, however, grant Plaintiff's request to extend the Order's deadline for submitting the filing fee to August 10, 2017.

**IT IS THEREFORE ORDERED BY THE COURT** that to the extent Plaintiff's request at Doc. 20 seeks recusal of the undersigned, such request is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 22) requesting a ten-day extension of time to pay the filing fee in this case is **granted.** The deadline for submitting the $400 filing fee is extended to **August 10, 2017.** The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that Plaintiff's requests (Docs. 23, 26) for telephone access are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 27) seeking to pay the $400 filing fee in monthly installments of $100 per month is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's July 17, 2017 Order at Doc. 19 (Doc. 32) is **denied.**

**IT IS SO ORDERED**.

**Dated on this 2nd day of August, 2017, in Wichita, Kansas.**

<u>**s/ J. Thomas Marten**</u>
**J. THOMAS MARTEN**
**U. S. District Judge**