IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    Plaintiff,

    v.                                          CASE NO. 17-3041-JTM-DJW

ANTHONY McCURRIE, et al.,

    Defendants.

**O R D E R**

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). This matter is before the Court on Plaintiff's motion seeking a stay and requesting an order granting him phone access (Doc. 38). On July 17, 2017, the Court entered an Order (Doc. 19): finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); finding that Plaintiff failed to show that he is in imminent danger of serious physical injury; denying Plaintiff's motion to proceed in forma pauperis (Doc. 3); and granting Plaintiff until July 31, 2017**,** to submit the $400.00 filing fee. On August 2, 2017, the Court entered an Order (Doc. 35) extending the deadline for submitting the $400 filing fee to August 10, 2017, to enable Plaintiff to contact family members for assistance in paying the fee. Plaintiff's current motion states that his brother is willing to assist with the filing fee, and asks the Court to order EDCF staff to allow him a five-minute phone call to his brother. Plaintiff argues that he needs to explain to his brother the procedures for submitting the filing fee.

The Court denies Plaintiff's request for phone access. Courts hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which

deference must be accorded unless they violate the Constitution or federal law. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (finding that courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them"); *Pinson v. Pacheco*, 424 F. App'x 749, 756 (10th Cir. 2011) (unpublished) (courts normally defer to decisions of prison officials made "in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment"). Plaintiff's complaints regarding his phone privileges should be addressed through the prison's grievance system.

However, the Court will grant Plaintiff a two-week extension of time to allow Plaintiff to correspond with his brother regarding the filing fee. No further extensions of time will be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's motion seeking a stay and requesting an order granting him phone access (Doc. 38) is **granted in part and denied in part**. The Court denies Plaintiff's request for phone access. The Court grants Plaintiff an extension of time to pay the filing fee to **August 25, 2017.**

**IT IS SO ORDERED**.

**Dated on this 11th day of August, 2017, in Wichita, Kansas.**

<u>s/ J. Thomas Marten</u>
J. THOMAS MARTEN
U. S. District Judge