# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

      Plaintiff,

      v.                                       CASE NO. 17-3041-JTM-DJW

ANTHONY McCURRIE, et al.,

      Defendants.

## O R D E R

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff proceeds pro se and has paid the filing fee in full. This matter is before the Court on various motions filed by Plaintiff.

## I. Background

On March 14, 2017, Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against various KDOC staff members and Corizon employees alleging "23 criminal batteries/excessive use of force in violation of Plaintiff's 8th Amendment rights that occurred between 3/18/15 through 5/11/16"; deliberate indifference to his life-threatening medical condition; and retaliation. Plaintiff names ninety-seven defendants by name and an additional fifteen John or Jane Doe defendants. At the time of filing, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff was transferred to the Lansing Correctional Facility ("LCF") around April 5, 2017. *See* Doc. 9. Plaintiff asserts that he is transferred every 100 to 120 days under a rotation schedule between LCF, HCF and EDCF.

On July 17, 2017, the Court entered an Order (Doc. 19): finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); finding that Plaintiff failed to show that he is in imminent danger of serious physical injury; denying Plaintiff's motion to proceed in forma pauperis (Doc. 3); and granting Plaintiff until July 31, 2017, to submit the $400.00 filing fee. Plaintiff was transferred to the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF") on July 21, 2017. *See* Doc. 21. The Court granted Plaintiff an extension of time to pay the filing fee (Doc. 39); and the filing fee was paid on August 16, 2017.

## II. Motions

### 1. Motion to Amend Complaint (Doc. 44)

Plaintiff has filed a motion seeking leave to file a "comprehensive consolidated" amended complaint. (Doc. 44.) Plaintiff asks the Court to grant him forty-five days in which to file his amended complaint. The Court grants the motion. The Court therefore denies Plaintiff's previous requests to amend the complaint or to add supplemental claims. *See* Doc. 11 (Motion for Meaningful Court Access Order to Properly Finish Remaining Counts); Doc. 29 (Motion for Leave to Add Supplemental Actionable Claims and Defendants); and Doc. 30 (Motion for Leave to Amend Complaint).

In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint. *See* Fed. R. Civ. P. 15. An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the

number of this case (17-3041-JTM-DJW) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff must also follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an Amended Complaint. FRCP Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any Amended Complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only

properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (4) alleges sufficient facts to show personal participation by each named defendant.

2) **Motion to Appoint Counsel (Doc. 4)**

Plaintiff seeks appointment of counsel, alleging that he has a severe heart condition and he is routinely on disciplinary segregation without access to supplies, postage, and legal materials. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court denies the motion to appoint counsel without prejudice to Plaintiff refiling the motion after the Court has screened Plaintiff's Amended Complaint. Although Plaintiff has demonstrated the ability to present his claims, it is not clear at this juncture whether Plaintiff will

assert a colorable claim against a named defendant in his proposed Amended Complaint or whether the issues in the Amended Complaint will be complex.

**3) Motion for Protective Order (Doc. 12)**

Plaintiff alleges in his motion that he has been subjected to approximately twenty "separate criminal assaults & batteries/excessive uses of force & chemical munitions by LCF guards" between March 18, 2015 and April 11, 2017. Plaintiff makes additional arguments regarding his conditions of confinement. Plaintiff asks the Court to bar "LCF defendants & their agents from further contact with him in any capacity much less another physical or chemical munitions attack." (Doc. 12, at 3.) The Court denies Plaintiff's motion. Plaintiff was transferred from LCF on June 21, 2017 (Doc. 21) and the Court has previously held that Plaintiff failed to show that he is in imminent danger of serious physical injury. *See* Doc. 19. Plaintiff's claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**4) Motion for Orders to Enforce Court Access (Doc. 14)**

Plaintiff claims retaliation in the form of denial of his legal and personal property by defendants, along with other claims regarding his conditions of confinement. Plaintiff attaches a copy of a habeas petition that he claims he has been denied the means to photocopy and file in state court. Plaintiff claims that from November 11, 2016 to April 5, 2017, he was provided with postage by HCF staff, but LCF defendants refuse to extend him credit for postage. The Court denies Plaintiff's motion. As noted, Plaintiff was transferred from LCF on June 21, 2017, and Plaintiff's claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**5) Motion for Sanctions and Motion for Orders (Doc. 15)**

Plaintiff filed his "motion for sanctions" alleging that the LCF librarian is retaliating against him by allowing him to only check out two items per week. Plaintiff states that he is giving notice that he is adding the LCF librarian as a defendant. Plaintiff seeks sanctions against various defendants and "injunctive relief & a sweeping declaratory judgment." (Doc. 15, at 2.) Plaintiff also notes that at EDCF he was routinely allowed to check out twenty legal cases a week, and six or more cases a week at HCF. The Court denies the motion, again noting that Plaintiff is no longer housed at LCF and claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**6) Motion for Injunctive Relief (Doc. 16)**

Plaintiff's motion sets forth his disagreement with medical treatment he received on May 17, 2017, and seeks a hearing to take testimony from medical staff and "a sweeping injunction" that orders defendants to seize and safekeep all security camera tapes and to allow Plaintiff to appear before the federal grand jury to give evidence. The Court denies the motion, again noting that Plaintiff is no longer housed at LCF and claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**7) Motion for Emergency Hearing (Doc. 17)**

Plaintiff alleges in his motion that on May 15, 2017, he submitted for E-filing a 25-page continuation including Counts 23 to Count 52, plus an amended listing of defendants. Plaintiff claims this document was "corruptly seized" by defendants who refused to E-file the document. Plaintiff again asks the Court to present him to a federal grand jury. Plaintiff further alleges that

additional documents submitted for E-filing on May 15 and May 18 were not filed. Plaintiff seeks a hearing to obtain protective orders and to require the USAO to present all evidence to a federal grand jury. The Court denies the motion, again noting that Plaintiff is no longer housed at LCF and claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**8) Notice of Heart Attack and Request for Orders (Doc. 24)**

Plaintiff alleges in his motion that he discovered that his legal and personal property were destroyed by LCF staff when he was transferred to EDCF on July 21, 2017. Plaintiff also claims he was denied adequate medical care by EDCF staff on July 22, 2017. Plaintiff seeks "court intervention & leave to file another supplemental lawsuit to add each & everyone involved in this corrupt deliberate indifference to [his] serious medical condition." (Doc. 24, at 2–3.) The Court is granting Plaintiff's motion for leave to file an Amended Complaint. The Court denies the motion, and claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case.

**9) Motion for Orders (Doc. 31) and Motion to Compel Return of All Legal Files & Materials (Doc. 40)**

Plaintiff claims that he is being denied possession of his legal property in retaliation for his pending litigation. Plaintiff states that EDCF staff has assured him that he will be allowed to have the previously removed legal items. The Court denies the motion, and any retaliation claims should be brought pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint.

**10) Motion for Leave to Reopen and Consolidate (Doc. 43)**

Plaintiff seeks to add claims from previously-closed cases into his forthcoming amended complaint, and asks the Court to "reserve judgment until it receives the proposed consolidated § 1983 complaint." The Court denies the motion because it does not seek relief at this time. The Court will determine the propriety of all claims included in Plaintiff's amended complaint upon screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions (Docs. 11, 12, 14, 15, 16, 17, 24, 29, 30, 31, 40 and 43) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 44) is **granted.** Plaintiff is granted until **October 20, 2017,** in which to file an Amended Complaint as set forth in this Order.

The clerk is directed to send Plaintiff forms for filing a civil rights complaint pursuant to § 1983, which he must use for his Amended Complaint. The clerk is also directed to send Plaintiff copies of Rules 18 and 20 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

**Dated on this 30th day of August, 2017, in Wichita, Kansas.**

                                        **s/ J. Thomas Marten**
                                        **J. THOMAS MARTEN**
                                        **U. S. District Judge**