**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.                                                                      **CASE NO. 17-3041-JTM-KGG**

**ANTHONY McCURRIE, et al.,**

    **Defendants.**

**O R D E R**

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff proceeds pro se and has paid the filing fee in full. This matter is before the Court on various motions filed by Plaintiff.

**I. Background**

On March 14, 2017, Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against various KDOC staff members and Corizon employees alleging "23 criminal batteries/excessive use of force in violation of Plaintiff's 8th Amendment rights that occurred between 3/18/15 through 5/11/16"; deliberate indifference to his life-threatening medical condition; and retaliation. Plaintiff names ninety-seven defendants by name and an additional fifteen John or Jane Doe defendants. At the time of filing, Plaintiff was incarcerated at HCF. Plaintiff was transferred to the Lansing Correctional Facility ("LCF") around April 5, 2017. *See* Doc. 9. Plaintiff asserts that he is transferred every 100 to 120 days under a rotation schedule between LCF, HCF and El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

On July 17, 2017, the Court entered an Order (Doc. 19): finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); finding that Plaintiff failed to show that he is in imminent danger of serious physical injury; denying Plaintiff's motion to proceed in forma pauperis (Doc. 3); and granting Plaintiff until July 31, 2017**,** to submit the $400.00 filing fee. Plaintiff was transferred to the EDCF on July 21, 2017. *See* Doc. 21. The Court granted Plaintiff an extension of time to pay the filing fee (Doc. 39); and the filing fee was paid on August 16, 2017. On August 30, 2017, the Court granted Plaintiff's motion to amend his complaint (Doc. 46), directing Plaintiff to file his amended complaint by October 20, 2017. Plaintiff filed a motion for an extension of time to file his amended complaint, and the Court granted him an extension of time to November 20, 2017, to file his amended complaint. (Doc. 50.) Plaintiff was transferred to HCF on November 27, 2017. (Doc. 60.) Plaintiff has now filed various motions seeking to stay the proceedings, for an extension of time, and requesting appointment of counsel and a video-teleconference hearing.

## II. Motions

> *1) Motion for Temporary Stay (Doc. 51); Motion for Extension of Time (Doc. 59); Motions for Hearings (Docs. 52, 53, 54, and 55); and Motion for Grand Jury Appearance (Doc. 57).*

Plaintiff alleges that on October 25, 2017, CSI Palm entered Plaintiff's cell at EDCF after Plaintiff left to shower. (Doc. 51, at 1.) Plaintiff's revisions for his amended complaint were on top of Plaintiff's desk. Palm ransacked Plaintiff's files and documents and trashed Plaintiff's work product. Plaintiff alleges that he cannot start over in preparing his amended complaint without protective orders. Plaintiff acknowledges that he was charged with rules violations on October 25, 2017, and attaches his disciplinary report. *Id*. at 17.

Plaintiff alleges that during the ransacking incident, his legal files were "dumped atop [his] cell desk" and "emptied from the file folders and dumped/disarrayed in a pile atop [his] desk." (Doc. 52, at 1.) Plaintiff seeks a hearing, alleging that he is being denied writing paper, pen, and legal postage credit to write his attorney or the courts. *Id*. at 2. The Court notes that Plaintiff has filed numerous documents with this Court, and his pleadings filed since November 1, 2017, total over 180 pages.

Plaintiff seeks an extension of time to file his amended complaint, expressing concern that some of his documents submitted to ECDF staff were not filed with the Court. The Court will grant Plaintiff's request to stay the deadlines in the case and will grant him an extension of time to file his amended complaint. This will give Plaintiff time to get his legal work product in order for filing. The Court also directs the Clerk to provide Plaintiff with a copy of the docket in this case.

Plaintiff's requests for a hearing and to appear before a grand jury are based on his disciplinary issues arising from the October 25, 2017 incident, as well as other grievances he has filed relating to his conditions of confinement. These issues, arising after Plaintiff filed the instant case, must be exhausted through the administrative remedies procedures available to Plaintiff before being brought before the Court. After exhaustion, Plaintiff's claims regarding his conditions of confinement should be submitted pursuant to a properly filed complaint or, if appropriate, as part of his Amended Complaint in this case. The Court denies Plaintiff's requests for a hearing and to appear before a grand jury.

### *2. Motion to Appoint Counsel (Doc. 56) and Correction (Doc. 58)*

Plaintiff seeks appointment of counsel, alleging that he needs assistance in completing and filing his amended complaint due to his legal paperwork being ransacked and his legal pad

3

with 25 to 30 pages of his halfway completed amended complaint being confiscated. The Court has granted Plaintiff's request for an extension of time to file his amended complaint. Plaintiff has also submitted a draft of his Amended Complaint that he submits as proof of his due diligence. *See* Doc. 59–1.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court denies the motion to appoint counsel without prejudice to Plaintiff refiling the motion after the Court has screened Plaintiff's Amended Complaint. Although Plaintiff has demonstrated the ability to present his claims, it is not clear at this juncture whether Plaintiff will assert a colorable claim against a named defendant in his proposed Amended Complaint or whether the issues in the Amended Complaint will be complex.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 56) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions (Docs. 52, 54, 55, and 57) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Deadlines (Doc. 51) and Motion for Extension of Time to File Amended Complaint (Doc. 59) are **granted** to the extent that Plaintiff is granted until **December 30, 2017,** in which to file an Amended Complaint as set forth in this Order. To the extent Plaintiff seeks additional relief in Docs. 51 and 59, Plaintiff's requests are **denied.**

The clerk is directed to send Plaintiff forms for filing a civil rights complaint pursuant to § 1983, which he must use for his Amended Complaint. The clerk is also directed to send Plaintiff a copy of the docket in this case.

**IT IS SO ORDERED**.

**Dated on this 1st day of December, 2017, in Wichita, Kansas.**

> s/ J. Thomas Marten
> **J. THOMAS MARTEN**
> **U. S. District Judge**