**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.                                    **CASE NO. 17-3041-JWB-KGG**

**ANTHONY McCURRIE, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff proceeds pro se and has paid the filing fee in full. This matter is before the court for screening of Plaintiff's First Amended Complaint ("FAC"). (Doc. 64.)

**I. Nature of the Matter before the Court**

On March 14, 2017, Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against various Kansas Department of Correction ("KDOC") staff members and Corizon employees alleging "23 criminal batteries/excessive use of force in violation of Plaintiff's 8th Amendment rights that occurred between 3/18/15 through 5/11/16"; deliberate indifference to his life-threatening medical condition; and retaliation. Plaintiff's original complaint names ninety-seven defendants by name and an additional fifteen John or Jane Doe defendants. At the time of filing, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff asserts that he is transferred every 100 to 120 days under a rotation schedule between LCF, HCF and El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

1

Plaintiff filed a motion (Doc. 44) seeking an extension of time to file an amended complaint. The court entered an Order granting an extension of time to October 20, 2017, and cautioned Plaintiff that he must follow Rules 18 and 20 of the Federal Rules of Civil Procedure when filing his amended complaint. (Doc. 46, at 3–4.) Plaintiff filed another motion for extension of time (Doc. 49), and the court entered an Order (Doc. 50) granting Plaintiff an extension of time to November 20, 2017, to file his amended complaint. Plaintiff filed another motion for extension of time (Doc. 59), and the court entered an Order (Doc. 61) granting Plaintiff an extension of time to December 30, 2017, to file his amended complaint. Plaintiff again filed another motion for extension of time (Doc. 62), and the court entered an Order (Doc. 63) granting an extension to February 2, 2018, and noting that no further extensions would be granted.

Plaintiff filed his FAC on February 2, 2018 (Doc. 64). Various pages in the FAC set forth categories of defendants, without listing any individual defendants. On February 12, 2018, Plaintiff filed a document titled "Plaintiff's Submission of Defendants' Names for Compliance with Sections A.3(a)–(e)." (Doc. 65.) The document consists of eight pages containing lists of individual defendants.

On April 2, 2018, Plaintiff filed a 171-page document titled "Plaintiff's Proffer of Evidence & Supporting Memorandum." (Doc. 66.) In the proffer, Plaintiff states that he is submitting "a sample of evidence" which validates his causes of action for being subjected to "around 100 conspiratorially perjurous" prison disciplinary reports and hearings that violated due process and other laws. Plaintiff then asserts that Defendants should be required to file a *Martinez* Report. Plaintiff attaches 168 pages of exhibits, including documentation for various disciplinary reports and appeals, and Plaintiff's handwritten "background facts" relating to those disciplinary reports.

Plaintiff submits documentation relating to DR Cases: 17-9-137; 17-9-164; 17-10-427; 17-10-433; 17-11-232; and 17-12-369.

On May 9, 2018, Plaintiff filed a "Motion for Orders with Supporting 2nd Samples of Evidence," with 191 pages of attached exhibits. (Doc. 68.) On May 16, 2018, Plaintiff filed a 74-page document containing additional exhibits to Doc. 68. (Doc. 69–1.) On June 18, 2018, Magistrate Judge Gale's chambers received a letter from Plaintiff, inquiring about the status of the case, and requesting a teleconference hearing and service on defendants. (Doc. 71–1.) On June 20, 2018, Magistrate Judge Gale entered an Order, denying Plaintiff's request for a teleconference hearing and finding that Plaintiff is responsible for service in light of the denial of his motion to proceed in forma pauperis. (Doc. 71.) Magistrate Judge Gale denied Plaintiff's Motion for Orders (Doc. 68), extended the deadline for service to September 29, 2018, and stayed the service requirement until such time as the court's screening order instructs Plaintiff regarding if and when service should proceed as well as which Defendant(s) shall be served. (Docs. 71, 72.)

## II. Plaintiff's FAC

In complete disregard of the court's Order to follow Rules 18 and 20 when filing his amended complaint, Plaintiff's FAC includes multiple unrelated claims and defendants. Counts 1 through 25 of the FAC allege 25 separate instances of excessive force; Counts 26 through 31 allege the denial of medical care; Counts 32 through 39 allege the denial of court access and the tort of "obstruction of justice"; Counts 40 through 44 allege retaliation; and Counts 45 through 48 allege ADA violations at each facility. Plaintiff's retaliation claims relate to: transfers; rules violations and alleged unconstitutional disciplinary hearings; the denial of court access; and the destruction and removal of legal files.

Plaintiff offers no justification for disregarding the previous order nor any new arguments as to why claims involving entirely different incidents and defendants are properly joined. Plaintiff names approximately 311 defendants, including approximately 98 John Does. His named defendants include: former and current staff at LCF, HCF and EDCF; KDOC staff; Corizon Health staff and medical providers; Corizon Health; the Kansas Governor, Attorney General, and State Representatives; the Leavenworth County Sheriff and District Attorney; the Butler County Sheriff and District Attorney; the Reno County Sheriff and District Attorney; the Chief Judge of the Kansas Court of Appeals; the Chief Judge of the Kansas Supreme Court; the Kansas Disciplinary Administrator; members of the Kansas Judicial Qualifications Commission; a Johnson County District Court Judge and the Chief Judge; the Kansas Judicial Administrator; the State of Kansas; the KDOC; the Kansas BIDS Director; the Kansas Court of Appeals' "Retention/Yes Vote" Campaign Spokesperson for the November 2016 General Election; the current and former United States Attorneys for the District of Kansas; a Kansas "FBI/SAIC"; the United States Attorney General; and the Department of Justice Civil Rights Division.

## III. Discussion

On August 30, 2017, the court entered an Order (Doc. 46) granting Plaintiff's motion for leave to amend. The Order expressly provides as follows:

> Plaintiff must also follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an Amended Complaint. FRCP Rule 20 governs permissive joinder of parties and pertinently provides:
> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any Amended Complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Doc. 46, at 3–4.  The Order further directed the Clerk to send Plaintiff copies of Rules 18 and 20 of the Federal Rules of Civil Procedure.  *Id.* at 9.

Plaintiff has failed to follow the court's Order regarding Rules 18 and 20 in filing his FAC. Plaintiff's FAC also violates Rule 8 of the Federal Rules of Civil Procedure because it is not a short and plain statement of Plaintiff's claim.  His FAC also violates D. Kan. Rule 9.1(a) because Plaintiff has not actually submitted his claims and supporting facts on the court-approved forms. Instead, he references paragraphs from his attached, handwritten pages.

The court recognizes that Plaintiff was required to pay the filing fee in this case because he is a three-strikes litigant.  "To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions." *McLemore v. Saline Cty. Sherriff's Office*, No. 15-3202-JAR-DJW, 2016 WL 3522048, at *4–5 (D. Kan. June 28, 2016) (noting that the separateness of Plaintiff's claims is evidenced by the separate filings over the course of months).  "It might also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g)." *Id.*

The court in *Gulley v. Semple*, noted that "Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A." *Gulley v. Semple*, No. 3:16-cv-1575 (MPS), 2016 WL 7394004, at n.2 (D. Conn. Dec. 21, 2016) (finding complaint failed to comply with Rule 20 where plaintiff's excessive force claims were unrelated to his claim of deliberate indifference to serious mental health needs and the claims involved different defendants).  The court cited two commentators as follows:

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint

6

> that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain ground.

*Id*. at n.2 (citing John Boston & Daniel E. Manville, Prisoner's Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases)).

Applying the rules to Plaintiff's FAC, the fundamental problem is that no single claim implicates all 311 defendants. Plaintiff has not asserted any claim against all defendants that "arises out of the same transaction or occurrence and presents questions of law or fact common to all" as required by Rule 20. Consequently, in addition to violating the court's order, Rule 8 and Local Rule 9.1, Plaintiff's FAC fails to comply with the joinder rules and cannot go forward as filed. To allow this "mishmash of a complaint" to proceed as filed would result in a "morass" and would also effectively allow Plaintiff to bring multiple lawsuits for the price of one. *George*, 507 F.3d at 607. The only way all of Plaintiff's claims could be brought in one lawsuit is if the court were to find that the transaction or occurrence out of which all the claims arise is Plaintiff's incarceration. This commonality is not sufficient to comply with the joinder rules. *See Redmon v. Zavarus*, No. 09-cv-02133-BNB, 2009 WL 4059188 at *4 (D. Colo. Nov. 20, 2009); *see also Johnson v. Pamplin*, No. 17-cv-0560-BAS-BLM, 2018 WL 316974, at *3 (S.D. Cal. Jan. 8, 2018) (despite alleged assaults occurring within twenty four hours of each other, "temporal proximity is insufficient to link two unrelated events for the purposes of Rule 20, even when the alleged acts are similar" and fact that defendant-officers work at same institution is not enough to show that distinct incidents are related) (citations omitted); *Smith v. Goss*, No. 1:16-cv-01356-BAM (PC), 2017 WL 2572460, at *6 (E.D. Cal. June 14, 2017) (finding that plaintiff may not pursue multiple unrelated claims regarding excessive force); *Brooks v. Houston County Detention Center*, No. 5:15-cv-408 (MTT), 2016 WL 3676505, at n.2 (M.D. Ga. July 6, 2016) (finding that although

7

plaintiff was allegedly assaulted at both prisons, "Plaintiff's allegations fail to demonstrate a 'logical relationship' between his claims arising out of the conduct of any McEver Probation Detention Center Official and claims arising out of the conduct of Houston County Detention Center officials"); *Ballard v. Hatley*, No. 3:17-cv-393-FDW, 2018 WL 357905, at *1 (W.D. N.C. Jan. 10, 2018) (finding that Eighth Amendment claims regarding deliberate indifference to serious medical needs, conditions of confinement, and excessive force failed to comply with the rules governing joinder of multiple claims and defendants in the same lawsuit).

Plaintiff's defiance of the prior order probably merits immediate dismissal; however, since the prior order did not expressly warn Plaintiff of this possible consequence, the court will make it clear now. **Failure to comply with this order will likely result in dismissal of this case without further notice.** The court will allow Plaintiff one more opportunity to comply with the Federal Rules of Civil Procedure, the Local Rules and this court's orders. In filing his second amended complaint, Plaintiff must do the following: 1) utilize the forms provided by the clerk's office pursuant to Local Rule 9.1; 2) comply with Rule 8 by setting forth a short, plain statement of the claim(s); and 3) comply with Rules 18 and 20. The misjoined claims and parties Plaintiff excises from his FAC may be brought in separate actions. *See McLemore*, 2016 WL 3522048, at *5 (dismissing without prejudice unrelated claims and noting that plaintiff "is welcome to file those as separate cases" but plaintiff would be responsible for the full filing fees). However, Plaintiff should be aware of potential statute of limitations issues, as the filing date of any separate lawsuit would not relate back to the filing date of the original complaint. In other words, the statute of limitations would not be tolled. *See DirecTV*, 467 F.3d at 845.

To clarify the current status of Plaintiff's case, the court has not yet completed the screening of his FAC required by 28 U.S.C. § 1915A(a). Once there is a complaint complying with this

8

court's orders, the Local Rules and the Federal Rules of Civil Procedure, the court will screen that complaint, or those complaints in the event of severance, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **July 20, 2018,** to file a proper second amended complaint that complies with the rules as set forth in this Memorandum and Order.  Plaintiff should also refrain from filing any pleadings other than a proper second amended complaint.  Plaintiff's practice of continuing to file voluminous pleadings delays the screening process.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2018, in Wichita, Kansas.

          **s/ John W. Broomes**_____
          **JOHN W. BROOMES**
          **UNITED STATES DISTRICT JUDGE**