# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

 **Plaintiff,**

 v.             CASE NO. 17-3041-JWB-KGG

**ANTHONY McCURRIE, et al.,**

 **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff proceeds pro se and has paid the filing fee in full. This matter is before the court on Plaintiff's motion for telephone hearing and law library access (Doc. 80.)

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 on March 14, 2017. Plaintiff filed a motion (Doc. 44) seeking an extension of time to file an amended complaint. The court entered an Order granting an extension of time to October 20, 2017, and cautioned Plaintiff that he must follow Rules 18 and 20 of the Federal Rules of Civil Procedure when filing his amended complaint. (Doc. 46, at 3–4.) Plaintiff filed another motion for extension of time (Doc. 49), and the court entered an Order (Doc. 50) granting Plaintiff an extension of time to November 20, 2017, to file his amended complaint. Plaintiff filed another motion for extension of time (Doc. 59), and the court entered an Order (Doc. 61) granting Plaintiff an extension of time to December 30, 2017, to file his amended complaint. Plaintiff again filed another motion for extension of time (Doc. 62),

1

and the court entered an Order (Doc. 63) granting an extension to February 2, 2018, and noting that no further extensions would be granted.

Plaintiff filed his First Amended Complaint ("FAC") (Doc. 64) on February 2, 2018, naming approximately 311 defendants, including approximately 98 John Does. The court entered a Memorandum and Order (Doc. 73) finding that, despite the court's previous orders, the FAC was not in compliance with D. Kan. Rule 9.1(a) and Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. The court held that "Plaintiff's defiance of the prior order probably merits immediate dismissal; however, since the prior order did not expressly warn Plaintiff of this possible consequence, the court will make it clear now. **Failure to comply with this order will likely result in dismissal of this case without further notice.**" (Doc. 73, at 8.) The Memorandum and Order allows Plaintiff one more opportunity to comply with the Federal Rules of Civil Procedure, the Local Rules and this court's orders, by granting Plaintiff until July 20, 2018, to file a proper second amended complaint. The court subsequently granted Plaintiff's request for an extension of time to October 19, 2018, to submit his second amended complaint. (Doc. 77.)

Plaintiff has now filed a motion seeking a telephonic hearing regarding his access to the law library. (Doc. 80.) Plaintiff alleges that he is limited to checking out one legal case at a time, it takes a minimum of ten days to receive cases, and he is in segregation and is denied reference materials that are available to the general population. Plaintiff alleges that the other KDOC prisons do not practice the same abuses as those practiced at LCF. Plaintiff requests a hearing to address these issues and "to validate his fierce protests above & obtain relief due, including a possible additional time extension, & referral to the grand jury per 18 U.S.C. § 3332(a)."

The court denies Plaintiff's motion for a telephonic hearing. Requests for relief, such as an extension of time, must be made by filing a motion with the court. *See* D. Kan. Rule 6.1(a)

(requirements for motions for an extension of time); D. Kan. Rule 7.1(a) ("All motions, unless made during a hearing or at trial, must be filed in writing with the clerk."). However, Plaintiff was cautioned in the court's Memorandum and Order that he "should refrain from filing any pleadings other than a proper second amended complaint. Plaintiff's practice of continuing to file voluminous pleadings delays the screening process." (Doc. 73, at 9.) Moreover, to the extent Plaintiff is seeking access to the law library for research in this action, the court fails to see Plaintiff's need to conduct extensive research. Plaintiff's complaint was voluminous, as discussed above. The court ordered Plaintiff to comply with the Federal Rules of Civil Procedure and submit a short, plain statement of his related claims. To do so, Plaintiff was required to eliminate unrelated claims and unrelated defendants from his lengthy complaint. The court fails to see how this task would require extensive research.

In any event, Plaintiff must submit his claim regarding library access to the facility and otherwise comply with LCF's grievance procedures. Claims regarding access to the courts must be exhausted through the prison's administrative grievance procedures, giving the facility an opportunity to resolve Plaintiff's claims. Plaintiff does not allege that he filed a formal grievance and followed the procedures to exhaust his claim.

Furthermore, even if Plaintiff's claim was exhausted and otherwise properly before the court, he has failed to allege an actual injury. Although it is well-established that a prison inmate has a constitutional right of access to the courts, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for telephone hearing and law library access (Doc. 80) is **denied.**

**IT IS SO ORDERED.**

**Dated this 24th day of September 2018, in Wichita, Kansas.**

        **s/ John W. Broomes**
        **JOHN W. BROOMES**
        **UNITED STATES DISTRICT JUDGE**