# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.                        CASE NO. 17-3041-JWB-KGG

ANTHONY McCURRIE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983 on March 14, 2017. On November 21, 2018, the court entered an Order (Doc. 90) directing Plaintiff to file a proper second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules and this court's orders, by November 28, 2018. Plaintiff failed to file a proposed second amended complaint by the court's deadline and on December 6, 2018, the court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b). (Doc. 93.) Plaintiff appealed, and the Tenth Circuit Court of Appeals dismissed his appeal for lack of prosecution on January 31, 2019. (Doc. 103). This matter is before the court on Plaintiff's "Motion to Reopen Case & Consolidate with Pending 'Cline' Suit & Request for Video-Teleconference Hearing" (Doc. 104). Plaintiff asks the court to reopen his case and consolidate it with his pending case No. 19-3003.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed more than 28 days after the entry of the order, the court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court has reviewed the record and finds that Plaintiff is not entitled to relief under Rule 60(b). A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

Plaintiff argues in his motion that he failed to meet the court's deadlines for "multiple reasons" including his multiple heart attacks and scheduled surgeries which were cancelled repeatedly, and because his attorney had his legal files. Plaintiff's motion rehashes arguments he has previously made. The court granted Plaintiff multiple extensions of time in this case. The court previously denied his motion for a stay in this case and denied his motion to reconsider that decision. (Doc. 92.) The court held that: "Plaintiff was tasked with paring down his [First Amended Complaint ("FAC")] and excising unrelated claims and defendants. All of the pertinent facts and allegations were already included in his FAC and Plaintiff did not need access to all of

his legal files to accomplish the task of paring it down and excising claims and defendants as directed by the Memorandum and Order entered on June 25, 2018." (Doc. 92, at 2.)

Plaintiff was afforded multiple opportunities to comply with the court's orders and was warned that failure to comply would result in dismissal of this case. On June 25, 2018, the court entered a Memorandum and Order finding that Plaintiff's First Amended Complaint was deficient and granting Plaintiff until July 20, 2018, to file a proper second amended complaint that complies with the rules set forth in the Memorandum and Order. (Doc. 73.) The Memorandum and Order provided that:

> Plaintiff's defiance of the prior order probably merits immediate dismissal; however, since the prior order did not expressly warn Plaintiff of this possible consequence, the court will make it clear now. **Failure to comply with this order will likely result in dismissal of this case without further notice.** The court will allow Plaintiff one more opportunity to comply with the Federal Rules of Civil Procedure, the Local Rules and this court's orders.

(Doc. 73, at 8.) On July 2, 2018, Plaintiff filed a motion for extension of time (Doc. 75), and the court granted Plaintiff an extension of time to October 19, 2018, to file his second amended complaint. (Doc. 77.) On September 26, 2018, Plaintiff filed another motion for extension of time (Doc. 84), seeking "an additional & final 30 days' time extension." On October 2, 2018, the court entered an Order (Doc. 88), granting Plaintiff's motion for a final extension and extending the deadline for filing his second amended complaint to November 19, 2018. On November 15, 2018, Plaintiff filed a motion for temporary stay (Doc. 89) asking the court to stay this case pending resolution of his state habeas case. The court denied the motion, but granted Plaintiff a brief extension of time to November 28, 2018, in which to file a proper second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules and this court's orders. (Doc. 90.) The court's Order at Doc. 90 noted that:

> Plaintiff initiated this action and has a duty to diligently prosecute his case. This case has been pending for over twenty months, and Plaintiff has received multiple extensions of time in this case. The Court's most recent order granting Plaintiff an extension of time noted that Plaintiff requested a "final 30-day extension of time," and granted Plaintiff an extension of time to November 19, 2018, to file his second amended complaint. (Doc. 88.) Due to the delay in this case, the court denies Plaintiff's request for a stay, but will grant Plaintiff a brief extension of time to file his second amended complaint. Failure to file a proposed second amended complaint by this deadline will subject this matter to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b).

(Doc. 90, at 1–2.) Plaintiff failed to file a proposed second amended complaint as ordered by the court and his case was dismissed.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*. Plaintiff has not shown that relief under Rule 60(b) is warranted, and his motion to reopen this case is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "Motion to Reopen Case & Consolidate with Pending 'Cline' Suit & Request for Video-Teleconference Hearing" (Doc. 104) is **DENIED.**

**IT IS SO ORDERED**.

Dated on this 19th day of April, 2019, in Wichita, Kansas.

                                      ___s/ John W. Broomes_____
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE