IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

v.                           CASE NO. 17-3041-JWB-KGG

ANTHONY McCURRIE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, is a prisoner currently housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983 on March 14, 2017. On December 6, 2018, the court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b). (Doc. 93.) On April 19, 2019, the court entered a Memorandum and Order (Doc. 105) denying Plaintiff's "Motion to Reopen Case & Consolidate with Pending "Cline" Suit & Request for Video-Teleconference Hearing." On April 29, 2019, Plaintiff filed a Notice of Appeal (Doc. 106). This matter is before the court on Plaintiff's Motion for Order Waiving Appellate Fee (Doc. 107) and Motion for Appointment of Appellate Counsel (Doc. 108).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Section 1915(g) prohibits a three-strikes prisoner from bringing a civil action or appeal "unless the

---

[1] *See, e.g., Lynn v. McClain,* 12 F. App'x 676, 679 (10th Cir. 2001) (noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions"); *Lynn v. McClain,* 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him").

prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's motion asks this court to waive the appellate fee due to his indigent status "in the interest of justice." Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the court denies his motion seeking a waiver of the appellate filing fee.

The court likewise denies Plaintiff's motion seeking appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The court finds that Plaintiff has demonstrated the ability to present his claims, and he has not convinced the court that there is sufficient merit to his claim to warrant the appointment of counsel. Plaintiff may renew his request before the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Order Waiving Appellate Fee (Doc. 107) and Motion for Appointment of Appellate Counsel (Doc. 108) are **DENIED.**

**IT IS SO ORDERED**.

Dated on this 1st day of May, 2019, in Wichita, Kansas.

                                            _____s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE